UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

UNITED STATES OF AMERICA,

**MEMORANDUM OF**
**DECISION AND ORDER**

Plaintiff,

13-CV-4741 (LDH)(ARL)

-against-

CEANA, INC., and AUSTIN AZZARETTO

Defendants.

------------------------------------------------------------------x

LaSHANN DeARCY HALL, United States District Judge:

Plaintiff, the United States of America, through its attorney, the United States Attorney

for the Eastern District of New York, filed this action to collect on an unpaid debt, for which

Defendants, Ceana, Inc. ("Ceana") and Austin Azzaretto, executed unconditional guarantees.

Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Defendants do not oppose the motion.

## BACKGROUND

On May 29, 2009, 629 West Merrick Corp. ("629 West Merrick") executed a note in

favor of Empire State Certified Development Corporation ("Empire State CDC"), in return for a

loan in the amount of $728,000 (the "Loan"). (*See* Pl.'s Rule 56.1 Statement ¶¶ 1-2, ECF No.

13-1; Dickman Decl. Ex. 1, at 4, ECF No. 13-2.[1])  The Loan was made as part of the United

States Small Business Administration's (the "SBA") 504 Certified Development Company loan

program (the "504 Program").  (Pl.'s Rule 56.1 Statement ¶ 4.)  The statutory purpose of the 504

Program is "to foster economic development, create or preserve job opportunities, and stimulate

---

[1] Citations to exhibits to the Dickman Declaration are made according to the pagination assigned by the Court's
Electronic Case Filing System.

growth, expansion, and modernization of small businesses." 13 C.F.R. § 120.800. Loans made pursuant to the 504 Program are administered by companies that have been certified by the SBA. *See* 13 C.F.R. §§ 120.801, 120.826. Empire State CDC was one such company. (*See* Pl.'s Rule 56.1 Statement ¶ 6; Dickman Decl. Ex. 1, at 4.)

629 West Merrick obtained the Loan in connection with a project for the Green Acres Tire and Auto Service Center. (Pl.'s Rule 56.1 Statement ¶ 3.) The promissory note for the Loan (the "Note") was executed by the president of 629 West Merrick, Defendant Azzaretto. (*Id.* ¶ 1; Dickman Decl. Ex. 1, at 8.) In July 2009, the interest rate for the loan was set at 4.36598% and the monthly payment amount was $4,998.07.[2] (*See* Pl.'s Rule 56.1 Statement ¶ 10; Dickman Decl. Ex. 2, at 10.) The Note states that the borrower will be in default if, among other things, it "does not make a payment when due under [the] Note." (Dickman Decl. Ex. 1, at 5.) Once a borrower is in default, the lender may "[r]equire immediate payment of all amounts owing under [the] Note," "[c]ollect all amounts owing from any Borrower or Guarantor," and file suit and obtain a judgment. (*Id.* at 6.) As additional security, Ceana, the operating company listed on the Note, executed through its president, Azzaretto, an unconditional guarantee (the "Ceana Unconditional Guarantee"). (*See* Pl.'s Rule 56.1 Statement ¶¶ 13-14; Dickman Decl. Ex. 4.) Azzaretto, the sole shareholder of Ceana, completed a "Consent of Sole Stockholder" form as part of the Ceana Unconditional Guarantee. (*See* Pl.'s Rule 56.1 Statement ¶ 16; Dickman Decl. Ex. 4, at 23.) Azzaretto also executed a separate

---

[2] The Court notes that there is a discrepancy between the monthly payment amount listed in paragraph ten of Plaintiff's Rule 56.1 statement and Exhibit 2 to the Dickman Declaration. This discrepancy is to be resolved in the determination of the amount of damages owed to Plaintiff.

personal unconditional guarantee (the "Azzaretto Unconditional Guarantee"). (*See* Pl.'s Rule 56.1 Statement ¶ 19; Dickman Decl. Ex. 5.) Both unconditional guarantees provide:

> Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

(Dickman Decl. Ex. 4, at 18; *id.* Ex. 5, at 26.) Additionally, each unconditional guarantee provides that "[a]ll individuals and entities signing as Guarantor are jointly and severally liable." (Dickman Decl. Ex. 4, at 20; *id.* Ex. 5, at 28.) Upon execution of the Note by the borrower, Empire State CDC immediately assigned the Note to the SBA. (*See* Dickman Decl. ¶ 26; *id.* Ex. 1, at 8.)

629 West Merrick made payments as required under the terms of the loan from August 1, 2009, until November 2010. (Pl.'s Rule 56.1 Statement ¶ 28.) However, since that time, no further payments have been made. (*Id.* ¶¶ 29-30.) In two separate letters, both dated March 8, 2011, the U.S. Department of Justice notified Defendants Ceana and Azzaretto that they owed a debt to the United States, in the amount of $725,768.85, and that the case had been referred to the United States Attorney's Office for the Eastern District of New York for legal action. (Dickman Decl. Ex. 7.)

## STANDARD OF REVIEW

A motion for summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden

3

by making a prima facie showing that there are no genuine issues of material fact, the non-moving party may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248.

Defendants have filed a letter in response to Plaintiff's motion for summary judgment stating that they do not intend to oppose the motion. (*See* Defs.' Mar. 16, 2016 Letter, ECF No. 14.) However, even where a motion for summary judgment is unopposed, "the moving party must still establish that the undisputed facts entitle [it] to 'a judgment as a matter of law.'" *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)). "In an action on a promissory note, summary judgment is appropriate if there is no material question concerning execution and default of the note." *United States v. Milgram*, No. 14-cv-1735, 2015 WL 4247165, at *2 (E.D.N.Y. July 13, 2015) (quoting *United States v. Clerge*, No. 11-cv-689, 2012 WL 6043297, at *3 (E.D.N.Y. Dec. 5, 2012) (citation omitted)).

## DISCUSSION

Plaintiff seeks to collect the outstanding balance of the Loan pursuant to the unconditional guarantees executed by Defendants. "A guaranty is a collateral promise to answer for the payment of a debt or obligation of another, in the event the first person liable to pay or perform the obligation fails." *Greenlight Reins., Ltd. v. Appalachian Underwriters, Inc.*, 958 F. Supp. 2d 507, 519 (S.D.N.Y. 2013) (quoting *N.Y.C. Dep't of Fin. v. Twin Rivers, Inc.*, 920 F. Supp. 50, 52 (S.D.N.Y.1996)). An unconditional guarantee, like those at issue in this case, "is an unconditional undertaking on the part of the guarantor that the person primarily obligated will make payment or will perform, and such a guarantor is liable immediately upon default of the princip[al] without notice." *United States v. Pierre Bouchet, Inc.*, No. 85-cv-8530, 1987 WL

4

11565, at *2 (S.D.N.Y. May 21, 1987) (quoting *Ammerman v. Miller*, 488 F.2d 1285, 1293 (D.C. Cir. 1973)).

"In an action based on notes and guarant[ees], a plaintiff establishes its *prima facie* entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder." *Orix Credit Alliance, Inc. v. Bell Realty, Inc.*, No. 93-cv-4949, 1995 WL 505891, at *3 (S.D.N.Y. Aug. 23, 1995); *see also HSH Nordbank AG N.Y. Branch v. Street*, 421 F. App'x 70, 73 (2d Cir. 2011) (summary order) (noting that summary judgment is appropriate where creditor demonstrates existence of unconditional guarantee, underlying debt and guarantor's failure to pay); *Pierre Bouchet, Inc.*, 1987 WL 11565, at *2-3 (finding government satisfied its burden to establish liability of guarantors where there was evidence the note was in default and guarantors executed absolute guarantees).

In support of its motion for summary judgment, Plaintiff has submitted copies of the following: the Note; a copy of a Note statement; a Certificate of Indebtedness, dated December 20, 2012; copies of the Ceana and Azzaretto Unconditional Guarantees; the "Assignment of Note and Guarantee"; and letters to Defendants Ceana and Azzaretto informing them that Plaintiff was seeking to collect on the debt. (Dickman Decl. Exs. 1-7.) The Court finds that Plaintiff has established that Defendants did indeed execute the unconditional guarantees, which required them to pay the balance of the loan in the event 629 West Merrick failed to make payments as required. Defendants have not denied the enforceability of the Note or the unconditional guarantees, nor have they challenged Plaintiff's claim that the loan is in default. The occurrence of default triggered Defendants' obligation to pay, and they have not offered any defenses to collection. Because "[t]he obligation of a guarantor on an SBA note is absolute and

unconditional," *U.S. v. Basil's Family Supermarket, Inc.*, 259 F. Supp. 139, 141-42 (S.D.N.Y. 1966), Plaintiff is entitled to judgment as a matter of law.

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion for summary judgment is hereby granted in its entirety. The Court respectfully refers this matter to United States Magistrate Judge Arlene R. Lindsay for a report and recommendation as to the appropriate amount of damages to be awarded to Plaintiff.


Dated: Brooklyn, New York
August 31, 2016

SO ORDERED:

 /s/ LDH
LaSHANN DeARCY HALL
United States District Judge